# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CRIMINAL NO. 4:23-CR-69-SDJ-CAN-1** |
| **ALVIN BRUCE JORDAN, JR. (1)** | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 22, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Sean Taylor.

On January 24, 2020, Chief United States District Judge Susan O. Hickey sentenced Defendant to a term of sixty-three (63) months imprisonment followed by four (4) years of supervised release in the Western District of Arkansas. *See* Dkt. 2 at 1. On August 9, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.* On March 24, 2023, Chief Judge Hickey ordered transfer of jurisdiction to the Eastern District of Texas. *See* Dkt. 1.

On June 9, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated five conditions of supervised release. *See id.* The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or local crime; (2) Defendant must report to the probation office in the federal judicial district where Defendant is authorized to

1

reside within 72 hours of Defendant's release from imprisonment unless the probation officer instructs Defendant to report to a different probation office or within a different time frame; (3) Defendant shall submit to inpatient or outpatient mental health evaluation, counseling, testing, and/or treatment as deemed necessary and directed by the U.S. Probation Officer; (4) Defendant shall submit to inpatient or outpatient substance abuse evaluation, counseling, testing, and/or treatment as deemed necessary and directed by the U.S. Probation Office; and (5) Defendant is to be placed on home detention for a period of 90 days, to commence immediately. During this time, Defendant must remain at his place of residence except for employment and other activities approved in advance by the United States Probation Officer. Defendant must maintain a telephone at his place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period. At the direction of the probation officer, Defendant must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with the electronic monitoring program. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On January 29, 2023, in Collin County, Texas, Defendant was arrested by the Plano, Texas Police Department for the offense of Driving While Intoxicated, in violation of Texas Penal Code § 49.04 (a). He was taken into custody and transported to the Collin County Jail, where he was released a few days later on a $1,500 bond. On May 11, 2023, a Bond Forfeiture warrant was issued due to Defendant failing to appear for his court hearing. On June 3, 2023, Defendant was arrested on this warrant along with a new misdemeanor offense of Assault.

  According to the offense report, on January 29, 2023, Defendant was observed swerving in his vehicle, driving at a high rate of speed, and the driver's side lamp was defective. During questioning by law enforcement, Defendant interrupted the officer initially explaining the reasons for the stop, and he was very difficult to understand. Defendant advised the law enforcement officer that he was in a rush to get home to see his wife who is sick. Additionally, Defendant took a long time to provide his driver's license out of his wallet and appeared that he was struggling to use the fine motor skills in his fingers to get it out. The officer observed a 6 pack of beer bottles (all sealed) that he claimed he was

dropping off to a friend. Defendant admitted to the officer that he drank two to three beers earlier in the day. As a result of this, Defendant was administered the Standardized Field Sobriety Tests (SFST). Following the SFST it was determined that Defendant had lost the normal use of his mental and physical faculties by reason of the introduction of alcohol and subsequently charged with Driving While Intoxicated, in violation of Texas Penal Code § 49.04(a). Defendant did not consent to the taking of a blood specimen, however, a warrant was signed by the Judge, and he provided a sample then. Following this, Defendant was taken into custody and transported to the Collin County Jail, where he was released a few days later on a $1,500 bond.

Additionally, on June 3, 2023, in Collin County, Texas, Defendant was arrested by the Plano, Texas Police Department for the offense of Assault Causes Bodily Injury-Family, a class A Misdemeanor. Defendant was taken into custody that night and bonded out on June 8, 2023, on a $10,500 bond. As of this writing, this charge remains pending.

According to the offense report, on June 2, 2023, the Plano Police Department was dispatched to the apartment at 2349 hours because the victim's sister contacted them stating that the victim was on the phone with her when she started crying and saying her boyfriend punched her in the face.

The officers separated Defendant and the victim and spoke to them separately. The victim stated that she and Defendant got into an argument about bills, and she stepped out on the porch to speak with her sister. When she returned into the apartment, the apartment was completely dark, and she walked towards her bedroom door. She noticed Defendant was sitting on the floor next to the bedroom. Defendant then stood up and punched her in the face just above her left eye, and she fell to the floor. Defendant continued to argue about the bills and stated that he would hit her again. The victim appeared to begin to say that Defendant told her he would "k-" but stopped before completing the word. Officer Sommers asked if he threatened to kill her, and she replied that he might as well have, but that he said he would make it hurt worse. She added that Defendant took her phone and spoke with her cousin for a moment before he hung up. She asked for her phone back but Defendant would not give it back to her. She believed that due to previous incidents, if she attempted to call 911, Defendant would have destroyed her phone. She did not attempt to walk towards the door because Defendant locked the deadbolts preemptively and because of previous incidents, she believed that he would continue hitting her.

Officer Sommers noticed a swollen spot on her left eye just above her eyelid, and it appeared she had trouble keeping her eye open. She cried throughout the interview and said she was tired of being "hit on". She advised the officers that Defendant used to beat her severely before he went to prison for this instant offense. Due to the injury observed on the victim and the statement provided, Defendant was subsequently arrested for Assault Family Violence with Injury.

- On August 15, 2022, Defendant was given instructions that after his initial appointment, he is to submit online monthly reports between the 1st and the 5th of each month. The U.S.

3

    Probation Office provided Defendant with detailed instructions on how to complete this. Defendant failed to report by the 5th of the month for the months of April and May 2023.

- On August 29, 2022, a mental health/substance abuse evaluation was completed by the treatment provider. The recommendation stated that due to Defendant's inconsistent reporting and their inability to score the assessments that were given, it was recommended that Defendant participate in a dual diagnoses treatment to further evaluate his current mental state and substance use history.

- Defendant was in outpatient treatment for nearly ten months and through all the staff meetings that were conducted with the treatment provider; it was determined that Defendant was not making the effort to take treatment seriously and continued to state that it was a waste of time. The treatment provider advised the U.S. Probation Office to discharge him unsuccessfully on several occasions due to Defendant's failure to attend sessions and his inability to take the sessions seriously. The treatment provider added that Defendant is not being honest between the discrepancy in what he tells the provider and how he presents himself as opposed to the U.S. Probation Office. Defendant has failed to complete treatment thus far and will be discharged unsuccessfully due to his failure to make progress.

- On March 31, 2023, the U.S. Probation Office advised Defendant of the rules and regulations of home detention. The U.S. Probation Office advised him that he is not allowed to leave the home without prior approval from the U.S. Probation Office. Defendant had unauthorized leave alerts on the following dates: April 14, 20, 21, and 22; May 6, and 28, 2023.

    On June 22, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for June 22, 2023. Defendant entered a plea of true to allegations two through five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 12. The Government moved to withdraw allegation 1, which the Court granted. *See* Minute Entry for June 22, 2023. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

    Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 22, 2023 hearing, the Court recommends that Defendant be committed to the

custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, to run consecutively with any other term of imprisonment, with four (4) years of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 23rd day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE